IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COREY M. BOYER, | ) |
| Plaintiff, | ) CIVIL ACTION NO.: _____ |
| v. | ) JURY TRIAL DEMANDED |
| BOARD OF CHILD CARE OF THE UNITED METHODIST CHURCH, INCORPORATED, | ) |
| Defendant. | ) |

# COMPLAINT

Plaintiff, COREY M. BOYER, a resident of Cumberland County, Pennsylvania, by and through his attorneys, brings this civil action for damages against the above named Defendant, BOARD OF CHILD CARE OF THE UNITED METHODIST CHURCH, INCORPORATED, demands a trial by jury, and complains and alleges as follows:

## JURISDICTION AND VENUE

1.   Jurisdiction of the claims set forth in this Complaint is proper in this judicial district pursuant to 28 U.S.C. §§1331 and 1343.

2. This Court has, and should exercise, supplement jurisdiction over Plaintiff's state claims under the Pennsylvania Human Relations Act, as amended, 43 P.S. §951, *et seq.* (the "PHRA") pursuant to 28 U.S.C. §1367.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this judicial district.

## THE PARTIES

4. Plaintiff, Corey M. Boyer ("Mr. Boyer"), is a male adult individual residing in Cumberland County, Pennsylvania.

5. Mr. Boyer suffers from a disability, epilepsy, which affects his body's ability to control his neurological system.

6. Defendant, Board of Child Care of the United Methodist Church, Incorporated ("Board of Child Care"), is a Maryland corporation maintaining a home office address at 3300 Gaither Road, Baltimore, Maryland 21244.

7. At all times relevant and material hereto, Board of Child Care operated a facility located at 5120 Simpson Ferry Road, Mechanicsburg, Cumberland County, Pennsylvania 17050, where Mr. Boyer was employed.

8. At all times relevant and material hereto, Board of Child Care employed in excess of fifteen (15) people.

## ADMINISTRATIVE PROCEEDINGS

9. On or about December 1, 2023, Mr. Boyer filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), which was docketed as Charge No. 530-2024-01730.

10. The EEOC cross filed Mr. Boyer's charge with the Pennsylvania Human Relations Commission.

11. Mr. Boyer has been advised of his right to sue in federal court by the EEOC, which notice was received on or about December 5, 2024.

12. All necessary and appropriate administrative prerequisites to this action have occurred.

## STATEMENT OF FACTS

13. Mr. Boyer worked for United Methodist Home for Children for twenty-two years prior to his termination on or about November 1, 2023.

14. For the first fifteen years of his employment, Mr. Boyer worked part-time and then he was full-time for the final seven years.

15. On or about January 1, 2019, the United Methodist Home for Children merged with Board of Child Care, and Board of Child Care became Mr. Boyer's employer.

16. Mr. Boyer is disabled because he suffers from epilepsy, which is a permanent condition he has had since childhood.

17. Mr. Boyer's condition can cause seizures, which are controlled by medication.

18. Because of his condition, Mr. Boyer is unable to work overnight shifts because lack of appropriate sleep may induce seizures, as documented by Mr. Boyer's doctors.

19. Board of Child Care accommodated Mr. Boyer's condition for the entirety of his employment until May 2023, when Mr. Boyer was told that he would need to be available to work overnight shifts on an on-call basis.

20. Mr. Boyer reminded Board of Child Care that he was unable to work overnight shifts and was told that he would need to submit a "Certification for Reasonable Accommodation."

21. Mr. Boyer completed and submitted the Certification form, which was signed by his doctor on or about October 16, 2023.

22. When Mr. Boyer presented the Certification to Board of Child Care, Mr. Boyer was told that he would no longer be accommodated, and that he would be required to resign his full time position and start working part time.

23. However, when Mr. Boyer resigned from his full time employment, he was then told that no part time work was available, so Mr. Boyer was effectively terminated.

24. Mr. Boyer was discriminated against and wrongfully terminated in violation of the Americans with Disabilities Act and PHRA because Mr. Boyer was refused a reasonable accommodation, which had been in place for years without issue, and was subsequently terminated because of his disability.

## COUNT I
## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

25. The averments in all prior paragraphs are incorporated by reference as though fully set forth herein.

26. Mr. Boyer is within the protective class of individuals as designated by the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.* (the "ADA").

27. Mr. Boyer is a qualified individual with a disability.

28. Mr. Boyer's disability substantially limits his body's ability to control his neurological system.

29. Mr. Boyer was able to perform the essential functions of his job with a reasonable accommodation; namely, not having to work overnight shifts.

30. Board of Child Care violated the ADA and committed illegal discrimination by failing to afford Mr. Boyer a reasonable accommodation, which in fact had been afforded to Mr. Boyer without issue for years, and by subsequently terminating Mr. Boyer.

31. Board of Child Care further violated the ADA by failing to engage in a flexible interactive process with Mr. Boyer to determine if another appropriate accommodation existed.

32. The illegal discrimination was based on whole or on part upon Mr. Boyer's disability.

33. As a direct and proximate result of the conduct of Board of Child Care in violating the ADA by discriminating against Mr. Boyer on the basis of his disability, Mr. Boyer has been permanently and irreparably harmed and damaged and has and will continue to lose benefits of employment such as lost earnings, lost employment benefits, and non-economic damages in the form of embarrassment, humiliation, and anxiety.

**WHEREFORE**, Plaintiff Corey M. Boyer seeks the damages set forth in the *Ad Damnum* clause of the instant Complaint, infra.

## COUNT II
**PHRA Violations**

34. The averments in all prior paragraphs are incorporated by reference as though fully set forth herein.

35. This is an action arising under the provisions of the PHRA and this Court has, and should exercise, pendant jurisdiction over the same because the cause of action complained of in this Count II arises out of the same facts, events

and circumstances as Count I, and therefore judicial economy and fairness to the parties dictates that this Count be brought in the same Complaint.

36. By discriminating against Mr. Boyer on the basis of his disability, Board of Child Care violated Mr. Boyer's state rights under the PHRA, which prohibits discrimination based upon disabilities.

37. As more fully set forth in Count I, Mr. Boyer has suffered directly and solely as a result of Board of Child Care's action, great pecuniary loss, damage and harm and will continue to suffer the same for the indefinite future

**WHEREFORE**, Plaintiff Corey M. Boyer seeks the damages set forth in the *Ad Damnum* clause of the instant Complaint, infra.

## *AD DAMNUM* CLAUSE/PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff, Corey M. Boyer, prays that the Court enter judgment in his favor and against the Defendant, Board of Child Care of the United Methodist Church, Incorporated, and that it enter an Order as follows:

a. The Defendant is to be permanently enjoined from discriminating or retaliating against the Plaintiff on the basis of his disability and/or any basis prohibited under applicable federal and state law;

b. The Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of discriminating or retaliating against employees based on their disabilities and is to be ordered to

      promulgate an effective policy against such discrimination and retaliation and to adhere thereto;

c.     The Defendant is to compensate the Plaintiff, reimburse the Plaintiff, and to make the Plaintiff whole for any and all pay and benefits the Plaintiff would have received had it not been for the Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension and seniority. The Plaintiff should be accorded those benefits illegally withheld from the date he first suffered discrimination and/or retaliation at the hands of the Defendant until the date of verdict;

d.     The Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused to him by the Defendant's actions;

e.     The Plaintiff is to be awarded punitive damages as available under the ADA based upon Defendant's willful violations of the ADA;

f.     The Plaintiff is to be afforded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

g. The Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

h. Any verdict in favor of the Plaintiff is to be molded by the Court to maximize the financial recovery available to the Plaintiff in light of the caps on certain damages set forth in applicable federal law;

i. The Plaintiff is to be granted such additional injunctive or other relief as he may request during the pendency of this action in an effort to ensure the Defendant does not engage – or ceases engaging – in illegal retaliation against the Plaintiff or other witnesses to this action; and

j. The Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein.

## DEMAND FOR JURY

Pursuant to Federal Rule of Civil Procedure 38(b) and otherwise, Plaintiff respectfully demands a trial by jury.

Respectfully submitted,

**Weisberg Cummings, P.C.**

January 2, 2025  
Date

*/s/ Larry A. Weisberg*  
Larry A. Weisberg  
PA Bar I.D. #: 83410  
lweisberg@weisbergcummings.com

*/s/ Derrek W. Cummings*
Derrek W. Cummings
PA Bar I.D. #: 83286
dcummings@weisbergcummings.com

*/s/ Steve T. Mahan*
Steve T. Mahan
PA Bar I.D. #: 313550
smahan@weisbergcummings.com

*/s/ Michael J. Bradley*
Michael J. Bradley
PA Bar I.D. #: 329880
mbradley@weisbergcummings.com

2704 Commerce Drive, Suite B
Harrisburg, PA 17110
(717) 238-5707
(717) 233-8133 (FAX)

*Attorneys for Plaintiff*